IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ANCORA TECHNOLOGIES, INC., | CIVIL ACTION NO. 1:20-CV-00034-ADA |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| LG ELECTRONICS INC. and LG ELECTRONICS U.S.A., INC., | |
| Defendants. | |
| Ancora TECHNOLOGIES, INC., | CIVIL ACTION NO. 1:20-CV-00034-ADA |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendants. | |

**PUBLIC VERSION**

**ANCORA'S MOTION TO EXCLUDE LGE'S
EXPERT TESTIMONY OF REGIS J. (BUD) BATES, JR.**

Ancora moves to exclude the testimony and opinions of Regis J. (Bud) Bates, Jr.—LGE's proffered expert on wireless communications systems. Mr. Bates offers three types of inadmissible opinions that "rely on [his] experience in the wired and wireless telecommunications industry": (1) whether LGE "directs or controls" third parties (or vice versa) for purposes of divided direct patent infringement; (2) which of LGE's admissions in interrogatory responses Ancora's technical expert should have credited; and (3) a rebuttal to the extensive statistical analysis performed by Ancora's damages expert. *See* Ex. 4 (Bates Rpt.) ¶¶ 20, 25, 38-40, 137.[1]

First, all of Mr. Bates's opinions are unreliable. His report does not even attempt to satisfy the requirement that his opinions be "the product of reliable principles and methods" "reliably applied" to the facts. Fed. R. Evid. 702. Nor does Mr. Bates "furnish[] some objective, independent validation of [his] methodology" beyond "his own education and experience." *Brown v. Illinois Cent. R. Co.*, 705 F.3d 531, 536-37 (5th Cir. 2013) (quotation marks omitted). Instead, he offers off-the-cuff conclusions, parrots posts from the internet, interprets the legal import of LGE's contract documents, and relays "[a]necdotal[]" statements by his grandson. *E.g.*, Ex. 4 (Bates Rpt.) ¶¶ 25, 29, 174. None of that is reliable.

Second, Mr. Bates's opinions on "direction" and "control" are inadmissible legal conclusions. *See, e.g.*, *id.* ¶¶ 20, 25, 37-39, 89-123. "Direction" and "control" are legal terms comprising "the 'governing legal framework for direct infringement.'" *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1377 (Fed. Cir. 2017). Indeed, these terms signal multipart legal tests for "hold[ing] an entity responsible for others' performance of method steps" in view of legal "principles of vicarious liability." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020,

---

[1] All exhibits are appended to the March 31, 2021 Declaration of Steven M. Seigel. *See* D.I. 193. All emphases added by Ancora unless otherwise stated.

1

1022 (Fed. Cir. 2015) (en banc)). By opining on "direction" or "control," Mr. Bates attempts to relay "legal conclusions to be drawn from the evidence"—which "both invades the court's province and is irrelevant." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983).

Third, Mr. Bates "critiques" the "conclusions," "inferences," and "methodology" of Ancora's technical expert based on Mr. Bates's view of which interrogatory responses should be considered. Ex. 4 (Bates Rpt.) ¶¶ 26, 124-136. Such thinly veiled attorney argument is not admissible either. *In re Air Crash Disaster at New Orleans, La.*, 795 F.2d 1230, 1233 (5th Cir. 1986) ("[A] proffered expert [must] bring to the jury more than the lawyers can offer in argument.").

Finally, Mr. Bates opines on the "accuracy and reasonableness" of the economic analyses performed by Ancora's damages expert—attempting to refute LGE's binding 30(b)(6) admission ████████████████████████████████████████████. Mr. Bates is not qualified to give such statistical conclusions. *See Deep Ellum Brewing Co. v. Tex. Alcoholic Beverage Comm'n*, 2016 WL 6747293, at *4 (W.D. Tex. Nov. 14, 2016) (affirming exclusion of statistical and economic opinions by witness who lacked expertise in those areas).

The Court should exclude and strike all of Mr. Bates's opinions.

I.   **BACKGROUND**

Ancora accuses LGE of infringing the methods claimed in U.S. Patent No. 6,411,941 (the '941 Patent) by, e.g., remotely delivering software updates (OTA Updates) to LGE mobile devices



and smart TVs, configuring those devices to write verification structures to BIOS memory, and verifying the software updates using that verification structure. LGE's counsel retained Mr. Bates to, among other things, "render opinions regarding which entities or groups of entities are responsible" for infringement. Ex. 4 (Bates Rpt.) ¶ 25. Mr. Bates also "critique[s]" the methods and conclusions of Ancora's technical and economic experts. *Id.* ¶¶ 26, 31, 124-183.

## II. LEGAL STANDARD

Expert opinions are admissible only if the expert is "qualified" and the opinions are relevant, "will help the trier of fact to understand the evidence or to determine a fact in issue," and are "the product of reliable principles and methods" that were "reliably applied" to "the facts of the case." Fed. R. Evid. 702. Thus, "[t]he court, in its role as gatekeeper, must exclude expert testimony that is not reliable and not specialized, and which invades the province of the jury to find facts and that of the court to make ultimate legal conclusions." *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F. 3d 1356, 1364 (Fed. Cir. 2008).

Regardless of the witness's credentials or methods, "'an expert may never render conclusions of law' or proffer legal opinions." *Deep Ellum*, 2016 WL 6747293, at *3 (quoting *Goodman v. Harris Cty.*, 571 F.3d 388, 399 (5th Cir. 2009) and collecting cases). "It is not for [an expert] to tell the trier of fact what to decide." *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997); *see also* The New Wigmore: A Treatise on Evidence: Expert Evidence § 2.3.2 (3d ed. 2020) (expert testimony inadmissible when "expert tries to state, using legal criteria, a conclusion that is essentially the same as the legal conclusion the jury will be asked to reach" or offers "opinions as to the legal implications of conduct" (alterations and citation omitted)).

LGE must "prove by a preponderance" that Mr. Bates's opinions are admissible. *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009). It cannot.

3

**III.  ARGUMENT**

    **A.  All of Mr. Bates's Opinions Are Unreliable Because They Lack Any Recognizable or Acceptable Methodology.**

*Daubert* requires an expert to "employ[] in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). And where, as here, "the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702, advisory committee note. Even then, "[t]he expert's assurances that he has utilized generally accepted principles is insufficient." *Brown*, 705 F.3d at 536 (alterations and quotation marks omitted). The expert must "furnish[] some objective, independent validation of his methodology." *Id.* (alterations and quotation marks omitted).

Mr. Bates's report fails this test. Mr. Bates does not even attempt to demonstrate that his methodology is reliable. That is for good reason: He cannot. Indeed, Mr. Bates admits that his approach consisted of made-for-litigation tasks such as:

- surfing the internet and copy-pasting "a sampling of blogs addressing Android phone updates," screenshotting anonymous "answers" and "smartphone consumer reviews (posted on websites and blogs),"[3] and capturing posts by unknown users like "lgkdz@hotmail.com"—a third party (or perhaps a group of third parties) that admits it is "NOT affiliated with LG Official, But we love LG, we love to help all LG Phones users!", Ex. 4 (Bates Rpt.) ¶¶ 103, 104, 139; *see also id.* ¶¶ 142-153;

- reciting how, "[a]necdotally, [Mr. Bates] can relate to the issues" in his report because he "ha[s] a grandson who was/is very active with the use of his smartphone," *id.* ¶ 174;

- vaguely "rely[ing] on [his] experience" to "evaluate evidence" and "make a determination" on legal questions like whether "LGE directs or controls" third parties under *Akamai*; *id.* ¶¶ 20-21, 25-26;

---

[3] For most of the hearsay comment postings, Mr. Bates does not even identify the declarant. For others, the declarant is identified only by username, such as "GAThrawn" and "Flow." *E.g.*, Ex. 4 (Bates Rpt) ¶ 104.

4

- speaking to "a consulting expert" who was "also retained by LGE" but submitted no report in this matter, *id.* ¶ 26; and

- reviewing and opining on the evidentiary weight and legal effect of litigation documents and interrogatory responses that LGE provided him, *see id.* ¶¶ 116-136.

Courts correctly and routinely reject such rudderless methods. For one thing, Mr. Bates's repeated reliance on his "experience" does not meet Rule 702 and *Daubert*'s benchmarks. *Brown*, 705 F.3d at 537-38; *see also Watkins v. Telsmith, Inc.*, 121 F.3d 984, 991 (5th Cir. 1997) ("[I]t seems exactly backwards that experts who purport to rely on general . . . principles and practical experience might escape screening by the district court simply by stating that their conclusions were not reached by any particular method or technique."); Fed. R. Evid. 702, advisory committee note (expert "<u>must</u> explain how [his] experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied"). Mr. Bates should be excluded because Ancora "cannot cross-examine [him] on his assertions, all of which fundamentally reduce to taking his opinion based on [50] years of experience for granted." *GPNE Corp. v. Apple, Inc.*, 2014 WL 1494247, at *6 (N.D. Cal. Apr. 16, 2014); *see Dolby Labs. Licensing Corp. v. Adobe Inc.*, 2019 WL 6327210, at *2 (N.D. Cal. Nov. 26, 2019) (excluding expert opinion as "merely attorney argument dressed in the guise of 'custom and practice'").

For another, Mr. Bates does not even pretend that his bespoke methods "characterize[] the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152. His methods—internet surfing any lay person could perform, review of exhibits the jury will see, and drawing his own conclusions from testimony and admissions the jury will hear—are the kind of approach "formed for purposes of litigation" that courts prohibit. *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 252 (6th Cir. 2001); *see also Valador, Inc. v. HTC Corp.*, 242 F. Supp. 3d 448, 464 & n.28 (E.D. Va.) (excluding expert opinion based on methods "created . . . specifically for this litigation"), *aff'd*, 707 F. App'x 138 (4th Cir. 2017).

Even worse, Mr. Bates attempts to repeat rank hearsay to the jury. Much of his report block-quotes assorted (and often anonymous) speakers from the internet and Mr. Bates's family. But such hearsay as inherently unreliable, *see* Fed. R. Evid. 802, and Mr. Bates makes no proffer that experts in the "telecommunications" field reasonably rely on such sources. *See, e.g.*, *United States v. Lundy*, 809 F.2d 392, 395 (7th Cir. 1987) ("'[E]xpert' testimony based solely on hearsay and third-party observations that are adequately comprehensible to lay people would be improper to admit under Rule 702."); Fed. R. Evid. 703 (opinions must be based on "facts or data" that "experts in the particular field would reasonably rely on"); *Factory Mut. Ins. Co. v. Alon USA L.P.*, 705 F.3d 518, 524 (5th Cir. 2013) (Rule 703 "was not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of . . . witnesses on whose statements or opinions the expert purports to base his opinion." (citation and quotation marks omitted)). Thus, not only are these hearsay statements themselves inadmissible, but they confirm that Mr. Bates's opinions are untrustworthy.

At bottom, Mr. Bates's methodology is to serve as LGE's handpicked runaway juror with an internet connection. *Daubert* and the Federal Rules forbid such mischief.

**B.    Mr. Bates's Conclusions on "Direction" and "Control" Are Inadmissible Legal Conclusions.**

Even if they were reliable, Mr. Bates's opinions that LGE does not "direct" or "control" other parties—or that other parties "direct" or "control" LGE—would still be inadmissible for two reasons: Mr. Bates impermissibly (1) offers legal conclusions that the jury must reach, and (2) interprets the legal import of contract documents lacking specialized meanings or trade usage.

First, Mr. Bates states ultimate legal conclusions reserved for the jury. In cases like this one involving divided infringement, whether one party "directs" or "controls" another is a question in the exclusive province of the jury. *Akamai*, 797 F.3d at 1022-23. Thus, "[t]he ultimate legal conclusions

6

regarding direction and control" are "not a proper subject" of expert testimony. *Datatreasury Corp. v. Wells Fargo & Co.*, 2010 WL 3768105, at *5 (E.D. Tex. Sept. 13, 2010). Rather, in this context, the only proper subjects of expert testimony are "technical issues" such as whether an accused system is even capable of direction and control. *Id.* at *4.

But Mr. Bates offers only the former: "ultimate legal conclusions regarding direction and control." *Id.* at *5. In fact, Mr. Bates bluntly admits that LGE asked him to do the jury's job: ▮

▮

▮ And there is no mistaking Mr. Bates's attempt to offer a legal conclusion to the jury: ▮

▮

▮

In addition, Mr. Bates acknowledges that the terms "direction" and "control" have special legal meaning here. In his own words, "to show direct infringement, . . . Ancora must prove that each step of the method was in fact performed by LGE or by another party at LGE's <u>direction or control</u>." *Id.* ¶ 34. Mr. Bates even invokes—and appends to his report—the Federal Circuit Bar Association Model Patent Jury Instructions, which Mr. Bates understands to "set forth the relevant legal standards for evaluating the patent-related issues in this case and that are the subject matter of this report." *Id.* Yet those model instructions confirm that Mr. Bates's has impermissibly answered questions reserved for <u>the jury</u>, not an expert. Ex. 5 (App. C to Bates Rpt.) § B.3.7 (detailing elements for jury to analyze in

---

[4] Mr. Bates misreads the infringement report of Ancora's technical expert, Dr. Martin, as offering the same kind of impermissible legal conclusion regarding direction or control that Ancora seeks to strike here. *See* Ex. 4 (Bates Rpt.) ¶ 25 ("disagree[ing] with Dr. Martin" whether "LGE directs or controls" other parties). But Dr. Martin did not offer such legal conclusions. Rather, Dr. Martin properly opined on "technical issues" like whether the accused system is capable of direction and control, *Datatreasury*, 2010 WL 3768105, at *4, and appropriately reached technical infringement opinions <u>conditional</u> on a finding by the jury that LGE directed or controlled certain third parties.

7

concluding whether "one party directs or controls the other party's performance of the claim steps").

In short, Mr. Bates's opinions regarding "direction" and "control" are textbook inadmissible. Just as experts may not tell juries whether a party breached a legal duty, *Askanase*, 130 F.3d at 673, acted reasonably, *Estate of Sowell v. United States*, 198 F.3d 169, 171-72 (5th Cir.1999), was a legal cause of injury, *Owen*, 698 F.2d at 240, or held a fiduciary relationship, *McIver*, 470 F.3d at 562, Mr. Bates cannot opine on whether an alleged infringer directs or controls another, *Datatreasury*, 2010 WL 3768105, at *5; *see also* Wigmore § 2.3.2.

Second, Mr. Bates improperly opines on the meaning and legal effect of unambiguous ▮▮▮▮▮▮▮▮▮▮▮▮—and the conclusions the jury should draw from them.[5] ▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ But Mr. Bates is not an attorney and is not qualified to interpret contracts or explain the legal import of documentary evidence. *Triboro Quilt Mfg. Corp. v. Luve LLC*, 2014 WL 1508606, at *6-7 (S.D.N.Y. Mar. 18, 2014) (striking "non-lawyer" opinions on "contract interpretation" because expert was not qualified and "because his report draws conclusions of law which would be inappropriate even if he were").

And even if Mr. Bates were qualified—he is not—his "opinions" would still be inadmissible because "[t]he question of interpretation of [a] contract" or associated documents "is for the jury and the question of legal effect is for the judge." *Sitts v. Dairy Farmers of Am., Inc.*, 2020 WL 3467993, at *6 (D. Vt. June 24, 2020) (citation omitted) (in antitrust case, precluding



expert from "interpret[ing] non-technical contractual terms for the jury"); *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, 2020 WL 2553181, at *6 (S.D. Cal. May 20, 2020) (similar); *Diamondback Indus., Inc. v. Repeat Precision, LLC*, 2019 WL 7761432, at *1 (W.D. Tex. Aug. 20, 2019) (in patent case, striking expert's license interpretation as "legal opinions or conclusions that are, in essence, the ultimate issues of law that this Court must resolve"). Neither does Mr. Bates offer any specialized or industry-specific definitions as narrowly permitted. *Dishman v. BBVA Compass Bank*, 2011 WL 13217035, at *5 (E.D. Tex. Mar. 18, 2011) ("While the Fifth Circuit has allowed expert testimony on contract provisions when used to interpret a term of art in a particular field, in the absence of specialized trade usage, expert testimony regarding proper contract interpretation is <u>inadmissible</u>, as is expert testimony <u>regarding the legal significance of</u> the contract language." (citations omitted)). Mr. Bates's opinions flout these principles.

### C. Mr. Bates's "Critique" of Ancora's Technical Expert Is Inadmissible Legal Argument By a Non-Attorney.

In addition to improper legal conclusions, Mr. Bates presents inadmissible attorney argument. Specifically, Mr. Bates "critiques" the analysis of Ancora's technical infringement and validity expert—based on Mr. Bates's understanding of which "LGE interrogatory responses" are "more accurate" or "no longer operative." Ex. 4 (Bates Rpt.) ¶¶ 124-136. These arguments both misunderstand the law[6] and exceed the bounds of proper expert testimony.

A proffered expert must "bring to the jury more than the lawyers can offer in argument." *In re Air Crash Disaster*, 795 F.2d at 1233. Mr. Bates's "comments about the amount" or type of "evidence relied on by" Ancora's expert are inadmissible because they are "not necessary to assist

---

[6] LGE's interrogatory responses, including those it insists have been "superseded," are admissions by a party opponent under Rule 801(d)(2)(A). Thus, they "are clearly admissible evidence, even if they have been subsequently modified or supplemented." *Nye v. Ingersoll Rand Co.*, 2011 WL 5513190, at *7 (D.N.J. Nov. 9, 2011); *see also* Fed. R. Civ. P. 33(c) ("An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence.").

the trier of fact under Rule 702(a)." *Kaist IP US LLC v. Samsung Elecs. Co.*, 2018 WL 1833341, at *2 (E.D. Tex. Apr. 17, 2018). Mr. Bates's views—like whether reliance on certain interrogatory responses is "egregious," Ex. 4 ¶ 129—are "attorney argument [rather] than expert testimony," particularly because Mr. Bates "is in no better position than a lay person to determine whether [Ancora's expert's] reliance on" certain evidence is persuasive. *Kaist*, 2018 WL 1833341, at *2 (citing *United States v. Vest*, 116 F.3d 1179, 1185 (7th Cir. 1997) ("Credibility is not a proper subject for expert testimony; the jury does not need an expert to tell it whom to believe, and the expert's 'stamp of approval' on a particular witness testimony may unduly influence the jury.")).

Further, Mr. Bates cites no qualifications or methodology that would permit him to opine on which interrogatory responses the jury should credit, or to "critique" a technical expert's analysis and methodology. If LGE regrets its earlier admissions, it may explain its later repudiation through its own employees or through its attorneys—not an expert.

### D.  Mr. Bates Is Not Qualified To Render His Statistical Opinions.

Last, Mr. Bates ventures far beyond his claimed expertise and opines on the "accuracy and reasonableness" of statistical analyses performed by Ancora's damages expert. Ex. 4 (Bates Rpt.) ¶ 137; *see also id.* ¶¶ 138-183. Here, Mr. Bates relies on more internet hearsay, ▋

▋ But Mr. Bates's methods are still unreliable (as explained above) and he discloses no relevant qualifications to offer such statistical analysis. *See Deep Ellum*, 2016 WL 6747293, at *4 (affirming exclusion of statistical opinions by unqualified witness). The Court should exclude Mr. Bates's opinions that attack Ancora's credentialed and methodologically sound damages expert.

### IV.  CONCLUSION

The Court should strike and exclude Mr. Bates's report and testimony in their entirety.

10

| | |
|---|---|
| Date: March 31, 2021 | */s/ Steven M. Seigel* |

Charles Ainsworth
State Bar No. 00783521
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 418
Tyler, TX 75702
903/531-3535
charley@pbatyler.com
rcbunt@pbatyler.com
Lexie G. White (Texas 24048876)
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
lwhite@susmangodfrey.com

Andres Healy (*pro hac vice*)
Steven M. Seigel (*pro hac vice*)
Nicholas S. Crown (*pro hac vice*)
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Tel: (206) 516-3880
Fax: 206-516-3883
ahealy@susmangodfrey.com
sseigel@susmangodfrey.com
ncrown@susmangodfrey.com

Zachary B. Savage (*pro hac vice*)
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: (212) 336-8330
Fax: (212) 336-8340
zsavage@susmangodfrey.com

**COUNSEL FOR PLAINTIFF ANCORA TECHNOLOGIES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being notified of the filing of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1). I also hereby certify that LGE's counsel of record are being served with a copy of the foregoing document via electronic mail on this 31st day of March, 2021.

/s/ *Steven M. Seigel*
Steven M. Seigel


**CERTIFICATE OF CONFERENCE**

I certify that on March 26, 2021, counsel for Ancora conferred with counsel for LGE concerning the relief sought in this motion, and was advised that counsel for LGE opposed.

/s/ *Steven M. Seigel*
Steven M. Seigel