IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ANCORA TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> LG ELECTRONICS INC. and LG ELECTRONICS U.S.A., INC., <br><br> Defendants. | CIVIL ACTION NO. 1:20-CV-00034-ADA <br><br><br> JURY TRIAL DEMANDED |
| ANCORA TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | CIVIL ACTION NO. 1:20-CV-00034-ADA <br><br><br> JURY TRIAL DEMANDED |

**DEFENDANTS LG ELECTRONICS INC. AND LG ELECTRONICS U.S.A., INC.'S REPLY IN SUPPORT OF *DAUBERT* MOTION TO EXCLUDE AND STRIKE <u>CERTAIN OPINIONS OFFERED BY DR. DAVID MARTIN</u>**

# Public Version

LG Electronics Inc. and LG Electronics U.S.A., Inc. (collectively, "LGE") submit this reply in support of their motion to exclude certain opinions of Ancora's expert Dr. David Martin.

## I. DR. MARTIN'S OPINIONS REGARDING SAMSUNG'S E-FOTA ARE UNSUPPORTED AND UNRELIABLE.

Ancora argues that Dr. Martin's opinions should be allowed because his lack of analysis goes to weight and not admissibility. Dkt. No. 213-1 ("Opp.") at 2-3. However, Dr. Martin's opinions are fundamentally flawed such that they violate the first prong of Rule 702, as well as longstanding law regarding reliability. Fed. R. Evid. 702(b) ("the testimony [must be] based on sufficient facts or data"); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993) (the trial judge must "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."); *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1364 (Fed. Cir. 2008) ("[t]he court, in its role as gatekeeper, must exclude expert testimony that is not reliable and not specialized."). Because Dr. Martin did not base his opinions "on sufficient facts or data" regarding Samsung's E-FOTA, his opinions are unreliable and should be excluded.

Ancora does not dispute—because it cannot—that Dr. Martin did not analyze any source code or technical materials for Samsung's E-FOTA to support his conclusion that Samsung's E-FOTA is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Opp. at 2, n.1. Ancora does not even address Dr. Martin's admitted failure to "perform any analysis of the E-FOTA EMM Console System," or his conclusion that this E-FOTA Console relates to *Samsung software updates (and not LGE's)*. Dkt. No. 197 ("Mot.") at 2; Dkt. No. 197-3, ¶ 85.

As one example illustrating the unreliability of his opinions, the  s. Dkt. No. 199-23, Ex. A; Dkt. No. 199-15 at 32:11-22, 87:18-88:12, 89:20-24. Dr. Martin does not attempt to identify how E-FOTA

████. Similarly, his cursory review of E-FOTA public websites in 2021 is not tied, expressly or implicitly, to the technical operation of LGE's accused functionality from 2013 to 2018. Indeed, Dr. Martin's E-FOTA opinions are not even tied to *his own assertion* that "Defendants infringe [] in two separate and independent ways." Dkt. No. 199-7 [Martin Phone App'x.], ¶¶ 20-22. He provides no such analysis for Samsung's E-FOTA. Dr. Martin does not identify a single similarity, or even one difference, between E-FOTA and the myriad of accused LGE mobile devices.

Underscoring his failure to perform a reliable analysis, Dr. Martin and his team spent *many hundreds of hours* to review over ████ of source code to try understanding how LGE's products operate. *Id*., ¶14. Yet, without *any* analysis of any E-FOTA source code, or even a *single* technical document, Dr. Martin somehow concludes that LGE's accused devices operate ████ ████ Dkt. No. 197-3 [Martin Main Rpt.], ¶ 83. There is no "weight" issue here. Dr. Martin's opinions regarding the E-FOTA are facially conclusory and unreliable.

## II. DR. MARTIN'S OPINIONS REGARDING "DIRECTION OR CONTROL" SHOULD BE EXCLUDED.

Ancora argues that Dr. Martin does not offer any conclusion about direction and control. Opp. at 3-4. Ancora posits that Dr. Martin merely *assumes the fact* that such direction and control exist in his opinions and unequivocally represents that Dr. Martin "will not offer [an] opinion" at trial about direction and control. *Id*. at 3-5. However, Ancora then states that "Dr. Martin's *opinions* in this regard are . . . proper," because Dr. Martin may "assume the underlying facts that form the basis for [his] opinions." *Id*. at 5 (emphasis added). Ancora appears to present an artificial distinction between an opinion and a factual assumption in order to provide an end-around for Dr. Martin to testify on direction and control by way of his "assumption." Given Ancora's representation that he will offer no such opinion, the Court should issue an order that Dr. Martin is precluded from testifying regarding direction and control at trial. *Sundance*, 550 F.3d at 1364

2

("[t]he court, in its role as gatekeeper, must exclude expert testimony that is not reliable and not specialized, and *which invades the province of the jury to find facts and that of the court to make ultimate legal conclusions*.") (emphasis added).

## III.     DR. MARTIN'S OPINION ON "USING AN AGENT" SHOULD BE EXCLUDED.

The Court construed "agent" to mean "a software program or routine," adopting *Ancora's* proposed construction. Dkt. No. 93 at 28, 36 (rejecting Defendants' proposed construction under pre-AIA 35 U.S.C. § 112, ¶ 6). The Court did not further limit "agent" to be an "OS-level" program, and neither party even proposed such additional limitation.[1] *Id*. By interpreting "agent" to ***require*** an OS-level program, Dr. Martin erroneously applies a claim construction different from the Court's, and his opinions based on that erroneous construction should be precluded. *Chicago Mercantile Exch., Inc. v. Tech. Research Grp.*, 782 F. Supp. 2d 667, 673 (N.D. Ill. 2011); *see also Canon, Inc. v. Color Imaging, Inc.*, 227 F. Supp. 3d 1303, 1311 (N.D. Ga. 2016) ("Court cannot allow parties to argue" claim a construction that is "contrary to its prior claim construction order.").

Ancora's cherry-picked statements from the parties' *Markman* briefs and lengthy arguments to support its new construction confirm that it is attempting an end-around the Court's construction to inject a new limitation under the guise of "plain and ordinary meaning." Opp. at 5-7. Moreover, resorting to the patent and file history to support its belated construction of "agent" is a tacit admission that the "OS-level" limitation is not present in the Court's construction. Indeed, Ancora runs afoul of its own arguments and cited cases striking expert testimony seeking to import limitations from the specification and prosecution history. Dkt. No. 194 at 2-6 (citing, *inter alia*, *Huawei Techs., Co, Ltd v. Samsung Elecs. Co.*, 340 F. Supp.

---

[1] Ancora mischaracterizes LGE's arguments in the *Markman* briefs. LGE made clear that the "agent" is ***not*** at the OS-level: "Though each step of claim 1 is performed at the OS-level, ***the 'agent' itself operates outside of the operating system*** . . . . ***The 'agent' performs its claimed function without invoking OS-level functionality***." Dkt. No. 52 at 11, n.11 (emphasis added).

3

3d 934, 968 (N.D. Cal. 2018) ("an expert's opinion that seeks to limit the full scope of a term's plain and ordinary meaning must be stricken."); *Maxell, Ltd. v. Apple Inc.*, 2020 WL 8269548, at \*21 (E.D. Tex. Nov. 11, 2020) (striking expert opinion that "use[d] embodiments from the specification to limit [a] term's plain and ordinary meaning"); *CardSoft, Inc. v. VeriFone Sys., Inc.*, 2012 WL 12895875, at \*2-\*3 (E.D. Tex. June 3, 2012) (expert opinions on "the proper scope of [patent] claims" are inadmissible); *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1364 n.6 (Fed. Cir. 2008) ("[A]llowing a witness to testify before the jury on claim construction would be improper.").

In its Supplemental Claim Construction Order, the Court analyzed the record Ancora cites but did not conclude that "agent" must include an "OS-level" program. Dkt. No. 93 at 31-32. Also, while recognizing that the "agent" *could* be an OS level program, the Court did *not* narrow the plain and ordinary meaning of "agent" to *require* an OS-level program. *Id*. at 32. Similarly, Dr. Barber recognizes that, under the Court's construction, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Opp. at 8.

### A. Dr. Martin Did Not Apply the Court's or His Construction Consistently.

Dr. Martin relies heavily on "agent" being *limited* to an "OS-level" program in his rebuttal validity report. Mot. at 8. In contrast, the term "OS-level" *never appears* in his infringement report. Ancora's attorney argument is an obvious attempt to backfill Dr. Martin's infringement report that contains no opinion limiting the "agent" to the OS-level. Ancora states that Dr. Martin's infringement reports "*make clear* that the accused products rely on OS-level software programs or routines." Opp. at 8 (emphasis added). However, Ancora cites to statements that certain apps *may* operate at the OS-level while identifying no language *limiting* them to the OS-level. *Id*. at 9. This distinction is meaningful because, to rebut invalidity, Dr. Martin and Ancora primarily argue that certain prior art fails to disclose an OS-level agent. The claimed "agent" *must* operate at the

4

OS-level (and *exclude* any other agents like BIOS-level agents) in Dr. Martin's invalidity report, but the same "agent" *may* operate at the OS-level and *not exclude* other agents in his infringement analysis. The importance of this distinction is underscored by Dr. Martin's "two separate and independent" ▇▇▇▇▇ analyses. Dkt. No. 199-7, ¶¶ 20-22; Declaration of Elizabeth Chiaviello in Support of LGE's Reply, Ex. A [Martin Depo.] at 52:21-54:6. His ▇▇▇▇" analysis has no OS-level agent because ▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Mot. At 9. This confirms that the "agent" is not limited to the OS-level in Dr. Martin's infringement report, while it is so limited in his invalidity report. Recognizing this fatal flaw, Ancora now argues for the first time that these two *separate* theories somehow overlap such that the ▇▇▇▇▇" relies on the OS-level agent set out in the ▇▇▇▇▇ Opp. at 10, n. 7 (citing to Dr. Martin's "▇▇▇▇ This argument confirms that Dr. Martin applied a different understanding for the "agent" in his "▇▇▇▇"—one where the agent is not limited to the OS-level. Because Dr. Martin applies different constructions for the "agent" across his reports, and even across his two *separate* infringement theories, his testimony should be excluded.

### IV. DR. MARTIN SHOULD BE PRECLUDED FROM TESTIFYING ABOUT ▇▇ ▇▇▇▇▇.

Ancora argues that Dr. Martin discussed ▇▇▇▇▇ in his report. Opp. at 10. Even a cursory review of the pages cited confirms there is no mention of ▇▇▇▇, much less a meaningful disclosure or discussion regarding ▇▇▇▇. Ancora's attempt to backfill Dr. Martin's report using attorney argument is not permissible. Accordingly, Dr. Martin should be prohibited from offering testimony regarding ▇▇▇▇ at trial.

### V. CONCLUSION

Dr. Martin's opinions on Samsung's E-FOTA, LGE's purported direction and control of third parties, the "agent" term, and ▇▇▇ are unreliable, and should be excluded at trial.

5

| | |
|---|---|
| Date: April 20, 2021 | Respectfully submitted,<br><br>*/s/ Elizabeth M. Chiaviello*<br><br>Winstol D. Carter, Jr.<br>Texas Bar No. 03932950<br>winn.carter@morganlewis.com<br>Thomas R. Davis<br>Texas Bar No. 24055384<br>thomas.davis@morganlewis.com<br>MORGAN, LEWIS & BOCKIUS LLP<br>1000 Louisiana Street, Suite 4000<br>Houston, Texas 77002-5006<br>T. 713.890.5000<br>F. 713.890.5001<br><br>Collin W. Park<br>collin.park@morganlewis.com<br>District of Columbia Bar No. 470486<br>Natalie A. Bennett<br>natalie.bennett@morganlewis.com<br>Illinois Bar No. 6304611<br>MORGAN, LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Avenue, NW<br>Washington, D.C. 20004-2541<br>T. 202.739.3000<br>F. 202.739.3001<br><br>Elizabeth M. Chiaviello<br>Texas Bar No. 24088913<br>elizabeth.chiaviello@morganlewis.com<br>MORGAN, LEWIS & BOCKIUS LLP<br>1717 Main Street, Suite 3200<br>Dallas, Texas 75201-7347<br>T. 214.466.4000<br>F. 214.466.4001<br><br>**Attorneys for Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc.** |

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all counsel of record who have appeared in this case via electronic mail per Local Rule CV-5.

/s/ *Elizabeth M. Chiaviello*
Elizabeth Chiaviello